[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR REHEARING ON PREJUDGMENT REMEDY
The defendant Peter Kissa against whom a prejudgment remedy issued on March 28, 2000, moves this court for a rehearing of the prejudgment remedy.
The plaintiff Connecticut Light and Power commenced this action by filing an Application for Prejudgment Remedy in the Superior Court for the Judicial District of New Haven on February 1, 2000. The court promptly set a date for a hearing on the application and returned the papers to counsel for the plaintiff for service on the defendants. The Order for Hearing and the Claim for Hearing (JD-CV-53) both list March 6, 2000, 9:30 A.M., Courtroom 5-C, 235 Church Street, New Haven, CT, as the time and place of the hearing. The papers were served by sheriff inhand on February 17, 2000, on the defendant Peter Kissa.
On February 29, 2000, one of the other defendants, Hillar Kissa filed an appearance by counsel and filed a Motion to Dismiss or Transfer, citing improper venue Neither of the other defendants appeared either in person or by counsel at the call of the calendar on May 6. On May 6, the court considered both the Motion to Dismiss or Transfer filed by Hillar Kissa, and the Application for Prejudgment Remedy as to the remaining defendants. After considering the matter the court granted the PJR against Peter Kissa, finding proper service of process and probable cause based on the uncontroverted affidavit of the plaintiff.
Furthermore, the court granted the defendant Hillar Kissa's motion in part, and transferred the entire case to the Windham Judicial District. The defendants Hillar Kissa and Peter Kissa resided in and were served with process in the Town of Killingly, Connecticut. Because the lawsuit involved a consumer transaction, venue under Conn. Gen. Stat. § 51-345
(d) was proper in that Judicial District that encompasses Killingly, and the court transferred the matter there. CT Page 7858
Now Peter Kissa has filed an appearance, dated March 16, and moves the court to reconsider its determination that a prejudgment remedy should issue against him. He offers no reason for failing to appear by written appearance, in person or by counsel, on March 6.
This court determined that the PJR should issue against Peter Kissa based only on the papers in the file, Mr. Kissa having failed to appear or to request an evidentiary hearing. Since the matter is now properly pending in the Windham Judicial District, any rehearing would not occur before the undersigned. Therefore, this court determines that the matter of whether a rehearing ought to occur should be taken up in the normal course in the Judicial District of Windham. This court will not be offended if that court determines to vacate the order for a PJR or otherwise to grant Mr. Kissa's motion. Should the judge in Windham determine, in her discretion, not to provide Mr. Kissa with a new opportunity for an evidentiary hearing on the PJR application, this court would have no objection to that determination.
This court, however, declines to rehear the matter.
Patty Jenkins Pittman, Judge